IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 MAY 23 PM 1:01

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MARY L. DYE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2229 DV |
| BELLSOUTH TELECOMMUNICATIONS, INC., | ) | |
| Defendant. | ) | |

## ORDER DENYING THE MOTION OF DEFENDANT FOR SUMMARY JUDGMENT

Before the Court is the motion of BellSouth Telecommunications, Inc. ("BellSouth" or "Defendant") for summary judgment. Mary L. Dye ("Plaintiff") asserts a claim for race discrimination against Defendant pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court denies Defendant's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, an African-American female, is employed by Defendant as a Telephone Operator in Hammond, Louisiana. Plaintiff works as a Telephone Operator in Defendant's Memphis, Tennessee Operator Services Department. In January of 1999, Plaintiff applied for short term disability leave pursuant to Defendant's Short Term Disability ("STD") Benefits Plan. Plaintiff, who

---

[1] The following facts are taken from the memoranda of Defendant in support of, and Plaintiff in response to, Defendant's motion for summary judgment and from the exhibits attached thereto.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-23-05



had previously been hospitalized for depression from October 12 through October 22, 1998, asserted that she was temporarily disabled due to depression.

Defendant contracted with a third party plan administrator, Kemper National Services ("Kemper"), which administered its STD Plan. Defendant, through Kemper, granted Plaintiff's disability claim. Pursuant to Defendant's STD policy, the maximum amount of leave available to an employee was 52 weeks. Plaintiff remained on STD from January of 1999 until December of 1999.

On August 10, 1999, Kemper sent Plaintiff a letter informing her that her 52 weeks of STD leave would expire on December 17, 1999. Plaintiff did not contact Defendant at any time concerning her return to work. Plaintiff's psychologist, Dr. Mace Coday, sent Kemper evaluations of Plaintiff's condition during the period of her disability. As early as May of 1999, Dr. Coday indicated that although Plaintiff continued to suffer from depression, Plaintiff could return to work part time with a gradual increase to full-time status. Despite Dr. Coday's evaluations, Plaintiff remained on STD without returning to work before December 17, 1999, the date her STD benefits expired.

Plaintiff indicated that she was able to return to work as early as late summer of 1999. Plaintiff did not return to work, however; and Defendant terminated Plaintiff for failure to return to work after December 17, 1999. Removing employees from payroll because they fail to return to work from an authorized leave is standard procedure at BellSouth.

After Plaintiff was terminated, she filed a grievance with her labor union, Communications Workers of America ("CWA"), challenging her termination. Plaintiff and Defendant settled the dispute, and Defendant agreed to re-instate Plaintiff as an Operator in Memphis effective December

of 2000. Plaintiff returned to work at BellSouth in December of 2000 on a full-time basis with no medical restrictions.

Prior to being out on STD, Plaintiff was formally counseled on two occasions for her work attendance. Shirley Wright, Plaintiff's African-American supervisor, issued the two written warnings. Plaintiff does not assert that Defendant discriminated against her prior to her STD status.

On April 11, 2003, Plaintiff filed a complaint against Defendant in the United States District Court for the Western District of Tennessee for race discrimination based upon her termination. Defendant then filed the instant motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment may be granted if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those facts which are defined by substantive law and are necessary in order to apply the law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. Id.

In evaluating a motion for summary judgment, the evidence, facts, and any inferences must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986); Walbourn v. Erie County Care Facility, 150 F. 3d 584, 588 (6th Cir. 1998). Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate when "the record taken as a whole could not lead

a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., 475 U.S. at 587.

## III. ANALYSIS

Defendant asserts that Plaintiff has failed to establish a claim for race discrimination. To prevail on a claim of discrimination, a plaintiff must show discriminatory animus. Huguley v. General Motors Corp., 52 F.3d 1364, 1370 (6th Cir. 1995). Discriminatory animus may be established by direct evidence or may be inferred from a prima facie showing of discrimination. Id. "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor" in the adverse employment decision at issue. Price Waterhouse v. Hopkins, 490 U.S. 228, 247, 104 L. Ed. 2d 268, 109 S.Ct. 1775 (1989); Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F. 3d 921, 926 (6th Cir. 1999) (citations omitted). Plaintiff has not asserted direct evidence of discrimination. Thus, the Court must determine whether Plaintiff has established a prima facie case of discrimination.

A plaintiff may establish a prima facie case of race discrimination by showing by a preponderance of the evidence that he 1) is a member of a protected group, 2) was subject to an adverse employment action, 3) was qualified for the position, and 4) was replaced by an individual outside of the protected class or was treated less favorably than a similarly-situated employee outside of the protected class. Clayton v. Meijer, Inc., 281 F.3d 605, 610 (6th Cir. 2002) (citation omitted). Defendant argues that Plaintiff has failed to establish the fourth element of the prima facie case, i.e., that she was treated less favorably than a similarly-situated employee.

Plaintiff asserts that she was treated less favorably than Nancy White, a Caucasian co-worker. Plaintiff contends that Ms. White was also on STD for depression and was allowed to return to work

4

with restrictions, such as reduced hours. Defendant first argues that Plaintiff relies on inadmissible hearsay to establish that Ms. White was permitted to return to work with restrictions.

Plaintiff submitted Kemper's records related to her STD and Ms. White's STD. These records reflect that Ms. White received STD for depression and was permitted to return to BellSouth, per her doctor's restrictions, prior to the expiration of her STD benefits. Thus, Defendant's hearsay argument is unavailing.

Defendant next asserts that Ms. White is not a comparator because Ms. White was permanently disabled from her medical condition and was never able to return to work full time, whereas Plaintiff was able to return to work full time. Ms. White's restrictions while on STD included limited hours, more private workspace, and a reduced workload. Ms. White's restrictions were very similar to those advised by Plaintiff doctor, which included limited work hours, reduced noise, and morning hours. The record reflects, however, that although Ms. White was not able to return to full duty, she was permitted to work part time while on STD benefits. Moreover, while on STD, both Plaintiff and Ms. White both suffered from the same medical condition, depression. Accordingly, the Court finds that Plaintiff has established that her condition and Ms. White's condition resulted in both of them being classified as temporarily disabled pursuant to Defendant's STD Plan, such that they may be considered comparators.

Defendant further argues that Ms. White is not a comparator because Plaintiff has not established how long Ms. White was on STD, what accommodations she requested, and what accommodations she received. The record reflects that Ms. White was on STD from July of 1998 until at least April of 1999. Moreover, Ms. White's STD records indicate that her doctor authorized her return to work with restrictions and that BellSouth allowed Ms. White to return with the

5

restrictions. The Court finds that Plaintiff has alleged sufficient facts to establish that she was treated less favorably than a similarly-situated Caucasion co-worker. Accordingly, Plaintiff has alleged a prima facie claim of race discrimination.

Defendant asserts that Plaintiff has failed to rebut its legitimate non-discriminatory reason for terminating her employment. If the plaintiff is able to establish a prima facie case of race discrimination, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." Johnson v. University of Cincinnati, 215 F.3d 561, 573 (6th Cir. 2000) (internal citation omitted). If the defendant carries this burden, then the plaintiff must prove that the proffered reason was actually a pretext. Id. A plaintiff may establish pretext by showing that the proffered reason 1) has no basis in fact, 2) did not actually motivate the adverse employment action, or 3) was insufficient to motivate the adverse employment action. Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994).

Defendant maintains that it terminated Plaintiff because she failed to return to work after her STD ended. Defendant argues that Plaintiff has not identified any person at BellSouth who discriminated against her based on race. Plaintiff contends that Defendant, through its agent, Kemper, refused to permit her to return to work with restrictions and then terminated her for not returning to work.

As discussed *supra*, Defendant permitted a Caucasion co-worker to return to work with restrictions while on STD. Moreover, the records maintained by Kemper, related to Plaintiff and Ms. White, indicate that Kemper was in contact with BellSouth managers and supervisors regarding Plaintiff and Ms. White's STD status and condition. The Court finds that Plaintiff has alleged sufficient facts to rebut Defendant's legitimate non-discriminatory reason that Plaintiff's failure to

return to work was the motivating factor in her termination. Accordingly, the Court denies Defendant's motion for summary judgment of Plaintiff's claim for race discrimination.

## IV. CONCLUSION

Based on the foregoing reasons, the Court denies Defendant's motion for summary judgment of Plaintiff's claim for race discrimination.

**IT IS SO ORDERED** this 23 day of May, 2005.

*[signature]*

BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 2:03-CV-02229 was distributed by fax, mail, or direct printing on May 23, 2005 to the parties listed.

---

Mary L. Dye
210 W. Robert St.
Apt. #8
Hammond, LA 70401--320

Wanda Abioto
LAW OFFICE OF WANDA ABIOTO
1555 Madison Ave.
Memphis, TN 38104

Charles W. Hill
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Sheldon W. Snipe
BELLSOUTH TELECOMMUNICATIONS, INC.
1100 Peachtree St.
Ste. 1400
Atlanta, GA 30309

Honorable Bernice Donald
US DISTRICT COURT