# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| **MARY L. DYE,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-2229-DV |
| **BELLSOUTH TELECOMMUNICATIONS, INC.,** | ) |
| Defendant. | ) |

## ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE ISSUE OF DAMAGES

Before the Court is the objection (D.E. # 72) of Mary L. Dye ("Plaintiff") to the Report and Recommendation on the issue of damages. Plaintiff contends that the Magistrate Judge failed to accord proper weight to the facts produced during trial as they specifically relate to compensatory and punitive damages. Additionally, Plaintiff asks the Court to increase the attorney fee award. For the reasons stated herein, the Court adopts in part the Magistrate Judge's recommendations.

### A.  COMPENSATORY AND PUNITIVE DAMAGES

Pursuant to 42 U.S.C. § 1981a(a)(1), a plaintiff can recover compensatory and punitive damages in a successful action under Title VII against an employer "who engaged in unlawful intentional discrimination." 42 U.S.C. § 1981a(a)(1). The types of compensatory damages the court may award include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3) (2000). To recover compensatory damages, a plaintiff must show that the defendant's unlawful

discrimination caused her emotional distress, which can be established with "[a] plaintiff's own testimony, along with the circumstances of a particular case." Turic v. Holland Hospitality, 85 F.3d 1211, 1215 (6th Cir. 1996) (citing Meyer v. City of Cincinnati, 14 F.3d 1115, 1119 (6th Cir. 1994).

The Magistrate Judge noted that after Plaintiff's termination she was not treated by a professional for depression, hospitalized for depression, or prescribed any anti-depressant medications. (Mag.'s Rep. and Rec. 9.) However, medical attention is not the sole requirement for awarding compensatory damages since the plaintiff may still suffer emotional distress despite not having a documented record from a doctor. For instance, Plaintiff stated that her termination was a "degrading" experience, and consequently, her "dignity was stripped." (Trial Tr. 118.) In accordance with Turic, the Court, after reviewing Plaintiff's testimony, finds that Plaintiff has sufficiently demonstrated humiliation and mental anguish. This finding is further evinced by Plaintiff being forced to sell her vehicle, and having to rely on food stamps to make ends meet. Plaintiff tried to maintain her lifestyle by working other jobs, but the amount of money she made was insufficient. Because the hardships Plaintiff encountered were all foreseeable consequences of her wrongful termination, the award of $1,000.00 in compensatory damages, as recommended by the Magistrate Judge, does not adequately compensate Plaintiff for her emotional distress.

Damages must be proportional to the injury. Moore v. KUKA Welding Systems, 171 F.3d 1073, 1082 (6th Cir. 1999) (affirming a $70,000 compensatory damage award where plaintiff suffered harassment and isolation in the workplace because of his race.) Therefore, the Court finds $20,000.00 to be a reasonable award in light of the circumstances in this particular case. See Turic, 85 F.3d at 1214 (finding $50,000 in compensatory damages not grossly excessive where plaintiff pondered having an abortion; that behavior precipitated controversy among employees, and was

ultimately used as a motivating factor for her discharge); see also Moody v. Pepsi-Cola Metropolitan Bottling Co., 915 F.2d 201, 210 (6th Cir. 1990) ($150,000 award upheld on basis of testimony that plaintiff was shocked and humiliated and forced to live apart from family because of termination).

To support an award of punitive damages in a Title VII case the plaintiff must establish that the defendant engaged in a discriminatory practice with malice or reckless indifference to the plaintiff's federal protected rights. 42 U.S.C. § 1981a(b)(1) (2000). A demonstration of intentional conduct is not enough for an award of punitive damages. Moore v. KUKA Welding Systems, 171 F.3d 1073, 1082 (6th Cir. 1999). Because Plaintiff has not shown egregious behavior on the part of Defendant, the Court finds, as did the Magistrate Judge, that Plaintiff is not entitled to an award of punitive damages.

## C.  ATTORNEY FEES

Under Title VII, a court has the discretion to award reasonable attorney fees to the prevailing party. 42 U.S.C. § 2000e-5(k) (2000). A fee awarded under this statute must be reasonable. Blum v. Stenson, 465 U.S. 886, 893 (1984). In assessing a reasonable fee, the starting point is the "lodestar" amount, which is a reasonable hourly rate for legal services multiplied by the number of reasonable hours expended. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Plaintiff's counsel seeks fees based on an hourly rate of $350.00. (Mag.'s Rep. and Rec. 12.) Defendant objects to the requested hourly rate as being excessive. (Id.) The Magistrate Judge looked to rates for similar services in the community by attorneys with reasonably comparable skills, experience, and reputation, and properly found that $200 per hour is a reasonable hourly rate to be used in the calculation of attorney fees in this case.

Additionally, Plaintiff's counsel set forth 210.4 hours as the total amount of time spent

working on the case. (Id. at 17 n.9) The Magistrate Judge recommended that the amount be reduced by 20.63 hours due to the Court's inability to determine the reasonableness of several vague time entries. (Id.) This Court finds, however, that because the hourly rate has been substantially reduced, the hours submitted by Plaintiff's counsel should be upheld. Therefore, 210.4 hours is a reasonable amount of time expended. The proper lodestar amount is based on 210.4 hours at $200.00 per hour, totaling $42,080.00 in attorney fees.

**D.  CONCLUSION**

The Court affirms the Magistrate Judge's recommendations with regard to gross back pay ($19,500.00), pre-judgment interest on the back pay ($7,369.34), and expenses ($876.99). The Plaintiff is to be awarded compensatory damages in the amount of $20,000 and attorney fees in the amount of $42,080.00, for a gross judgment of $89,826.33.

The pre-judgment interest on the back pay continues to accrue at a per diem rate of $2.92 until judgment is entered by the Clerk. Plaintiff is also entitled to post-judgment interest at the statutory rate commencing at the time of entry of judgment until the judgment is paid in full.

**IT IS SO ORDERED** this 21st day of November, 2006.

s/Bernice Bouie Donald
BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT JUDGE